UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM DANIELSON,

                Petitioner,

v.                                        9:22-CV-0676
                                                 (TJM/ML)

J. DONAHUE, Superintendent,

                Respondent.

---

APPEARANCES:                                                     OF COUNSEL:

WILLIAM DANIELSON
Petitioner, pro se
15-B-3809
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MIROSLAV LOVRIC
United States Magistrate Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner William Danielson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also filed an application to proceed in forma pauperis ("IFP"), as well as a motion to appoint counsel. Dkt. No. 2, IFP Application; Dkt. No. 4. A week after the petition was received by the Western District, petitioner also remitted the statutory filing fee. Dkt. Entry dated 06/21/22 (identifying receipt information from the filing

---

[1] Petitioner initially filed this action in the United States District Court for the Western District of New York ("Western District"); however, it was transferred to this Court on June 27, 2022. Dkt. No. 7, Transfer Order; *see also Danielson v. Donahue*, No. 1:22-CV-0457 (W.D.N.Y.).

fee transaction).

## II.     IFP APPLICATION

Petitioner's IFP application, Dkt. No. 2, is denied for two reasons. First, petitioner paid the filing fee, so – for purposes of commencing the present action – petitioner's IFP application is moot. *See* Dkt. Entry dated 06/21/22. Second, the IFP application is not certified or signed by an appropriate prison official "showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(1)-(2), Rules Governing Section 2254 Cases in the United States District Courts.

## III.    PETITION

Petitioner challenges a 2015 judgment of conviction in Chenango County, upon a guilty plea, for second degree murder. Pet. at 1; *see also People v. Danielson*, 170 A.D.2d 1430, 1430 (3rd Dep't 2019).[2, 3] The New York State Supreme Court, Appellate Division, Third Department affirmed the judgment, and, on May 21, 2019, the New York State Court of Appeals denied leave to appeal. Pet. at 2-3; *Danielson*, 170 A.D.3d at 1432, *lv. to appeal denied*, 33 N.Y.3d 1030 (2019).[4] Petitioner filed a petition for certiorari in the United States Supreme Court which was also denied, without a hearing, on November 4, 2019. Pet. at 3-4; *Danielson v. New York*, 140 S. Ct. 486 (2019).[5]

Petitioner then filed two collateral state court challenges against his conviction. The

---

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] Petitioner provided a copy of the Third Department's decision with the petition. Pet. at 46-50.

[4] Petitioner provided a copy of the Court of Appeal's decision with the petition. Pet. at 51.

[5] Petitioner provided a copy of the Supreme Court's decision with the petition. Pet. at 52.

2

first was a petition for a writ of error coram nobis, filed on November 2, 2020. Pet. at 4-5. Petitioner states that the petition was ultimately denied by the Court of Appeals on June 22, 2021. *Id.* at 5, 7-8. There is no decision appended that matches this date.

However, petitioner also attached a Court of Appeal's decision to his petition, dated September 30, 2021, that was denying an application for leave to appeal from a Third Department decision entered on April 9, 2021. Dkt. No. 53. It is not apparent to the Court to which collateral motion this decision applies.[6]

Petitioner also filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440 ("440 motion"), on July 4, 2021. Pet. at 5-6. Petitioner states that the 440 motion is still pending. *Id.* at 6, 42.

Petitioner argues that he is entitled to federal habeas relief because (1) he was subjected to judicial bias and prejudice, Pet. at 9-16; (2) his Fourth Amendment rights were violated by search warrants that lacked probable cause and were signed by a biased judge, *id.* at 16-19; (3) there was prosecutorial misconduct, *id.* at 19-29; (4) there were *Brady* violations, *id.* at 30-35; and (5) his trial counsel was constitutionally ineffective, *id.* at 36-41. For a more complete statement of the claims asserted herein, reference is made to the petition.

## IV.   DISCUSSION

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526

---

[6] It seems that these could be in reference to the coram nobis petition based upon their dates; however, it is not clear.

U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner argues that he is entitled to relief in his 440 motion because his trial counsel was ineffective. Pet. at 5-6. This is the same claim petitioner asserts in his present petition. *Id.* at 36-41. Accordingly, it is clear that petitioner has not exhausted his state court remedies with respect to his fifth habeas claim because, as petitioner admitted in his petition, his properly filed 440 motion is currently pending. *Id.* at 6, 42. Accordingly, the highest state court capable of reviewing petitioner's ineffective assistance of counsel claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state

4

court remedies available to him, and is in the process of exhausting those remedies by pursuing his collateral 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

However, while petitioner's papers do not reflect his awareness that his petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is granted. The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Normally, an unexhausted petition would be dismissed without prejudice with a right to renew when state court remedies have concluded. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that

we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted). So, in this case, if the stay were to be denied, the petition would be dismissed without prejudice. *Id.*

However, a stay is not only "preferable . . . [but] the only appropriate course . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela*, 254 F.3d at 380 (internal quotations and citations omitted). Here, it appears that dismissal of the petition without prejudice may result in any future petition being subject to dismissal as time-barred. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on November 4, 2019, when the Supreme Court denied his petition for certiorari. Therefore, petitioner had until November 3, 2020, to timely file a habeas petition. The petition was placed into the mail at the correctional facility on June 3, 2022.[7] Pet. at 44. Thus, it appears that the petition was not timely filed.

However, properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations

---

[7] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.

It is unclear whether statutory tolling saves the petition. Assuming petitioner's state court collateral challenges were properly filed, statutory tolling would apply for the time that the petition for error coram nobis and the 440 motion were pending in state court. Depending on when the coram nobis petition was exhausted will dictate whether the petition was timely filed.

Undisputably, 364 days of the limitations period would pass between November 4, 2019, and November 2, 2020, when petitioner's coram nobis motion was filed. According to petitioner's recitation, the limitations period would be tolled until June 22, 2021, when petitioner indicated that his coram nobis motion was denied. Pet. at 7. The limitations period would then run again for twelve days, until petitioner filed his 440 motion. Then tolling would suspend the limitations period to date. However, under this calculation, the petition was filed eleven days too late.

Giving petitioner the benefit of the doubt, and using the date from the second Court of Appeals decision that petitioner included with his petition, Dkt. No. 53, it appears that the petition was timely filed with only one day of the limitations period to spare. Under that analysis, the limitations period would have been tolled since November 2, 2020. Because the second Court of Appeals decision, presumably exhausting the coram nobis motion, was dated on September 30, 2021 – a month after petitioner filed his 440 motion – the tolling would have never ceased between the two properly filed collateral challenges.

Accordingly, after the state court remedies come to a conclusion, petitioner would only

7

have one day to timely re-file the present petition. Given the extremely short duration of time between the end of statutory tolling and the expiration of the statute of limitations, a dismissal of the petition without prejudice at this point may result in any future petition being subject to dismissal as time-barred.

Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

Therefore, the petition is stayed pending petitioner's exhaustion of his state court remedies. However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion."). Therefore, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached.

**Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

**V.    MOTION FOR COUNSEL**

8

Petitioner requests counsel to assist him with his habeas action; however, he fails to articulate any specific reasons why he feels appointment is appropriate. Dkt. No. 4. Petitioner argues that his federal rights have been violated, he is illegally incarcerated, and he has unsuccessfully attempted to retain his own attorney. *Id.* at 1-2.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court."). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at

9

*1 (S.D.N.Y. Aug. 3, 2005)). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

While the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. First, petitioner is not entitled to representation; therefore, the fact that he is indigent, incarcerated, or unable to independently retain counsel does not compel the Court to appoint him an attorney. *Pennsylvania*, 481 U.S. at 555.

To the extent petitioner's intention was to contend that an attorney would be better suited to persuasively argue petitioner's case and engage in motion practice, counsel is not required solely if petitioner thinks appointment of an attorney is necessary because counsel would be more skilled in presenting petitioner's legal arguments. *See Voymas v. Unger*, No. 6:10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

Accordingly, at least at this time, the Court finds appointment of counsel is not warranted. Therefore, petitioner's motion is denied without prejudice.

## VI.  CONCLUSION

**WHEREFORE**, it is

**ORDERED**, that petitioner's IFP Application, Dkt. No. 2, is **DENIED AS MOOT**; and it is further

10

**ORDERED**, that petitioner's request for appointment of counsel, Dkt. No. 4, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Petition, Dkt. No. 1, is **STAYED**; and it is further

**ORDERED**, that petitioner must advise the Court in writing, **every thirty (30) days, beginning thirty (30) days from the date of this Decision and Order**, on the status of the pending state court application, including the date upon which any decision is reached; and it is

**ORDERED**, that **within thirty (30) days of the date upon which the final state court capable of reviewing petitioner's application reaches a decision**, petitioner must notify the Court of that decision; and it is further

**ORDERED**, that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is further

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: July 6, 2022

  Binghamton NY

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge