UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM DANIELSON,

        Petitioner,

v.                                                 9:22-CV-0676
                                                           (TJM/ML)

J. DONAHUE, Superintendent,

        Respondent.

---

APPEARANCES:                                   OF COUNSEL:

WILLIAM DANIELSON
Petitioner, pro se
15-B-3809
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MIROSLAV LOVRIC
United States Magistrate Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner William Danielson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also requested appointment of counsel. Dkt. No. 4.

After an initial review, this Court issued a stay and ordered petitioner to file status reports every thirty days until his state court remedies related to his 440 motion were fully

---

[1] Petitioner initially filed this action in the United States District Court for the Western District of New York ("Western District"); however, it was transferred to this Court on June 27, 2022. Dkt. No. 7, Transfer Order; *see also Danielson v. Donahue*, No. 1:22-CV-0457 (W.D.N.Y.).

exhausted. Dkt. No. 8, Decision and Order ("July Order"), at 3-8.[2, 3] The July Order also denied petitioner's request for appointment of counsel without prejudice and with a right to renew. *Id.* at 8-10.

Presently before the Court is petitioner's motion for reconsideration of the portion of the July Order that denied petitioner's request for counsel. Dkt. No. 9. Petitioner's motion also requested clarification on how to proceed with the motion to stay. Dkt. No. 9 at 1. Finally, petitioner expressed concern that his case should be transferred back to the Western District because he fears he "inadvertently created a conflict of interest or breach of confidentiality," by corresponding with the United States Attorney's Office from the Northern District of New York. *Id.* at 3.

## II. DISCUSSION

### A. Venue & Conflict of Interest

Taken in reverse order, petitioner's fears about a conflict of interest or the requirement for a transfer are unfounded. Because petitioner is a state inmate, challenging his state-imposed incarceration, the New York State Attorney General's Office will be representing the respondent. Accordingly, the United States Attorney's Office is irrelevant to the instant action as they are neither a party nor the representative for a party. Further, they are a completely separate and independent entity from the New York State Attorney General's Office, so the two would have no occasion to have their paths cross with respect to this action.

Further, because petitioner is challenging the validity of the conviction and sentence

---

[2] For the sake of clarity, citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] Petitioner successfully filed his first status report with the Court. Dkt. No. 10.

2

imposed in Chenango County Supreme Court – which is in the Northern District of New York – the Western District was correct in concluding that this District was the appropriate forum for this action. Pet. at 1; 28 U.S.C. §§ 112(a) & 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497 & n.13 (1973) ("Congress explicitly recognized the substantial advantages of having these [habeas] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

### B. Clarification for Lifting a Stay

Second, petitioner asks what he is required to do once his state court remedies have been exhausted. Dkt. No. 9 at 1; *see also* Dkt. No. 10, Status Report (indicating that his 440 motion is still pending in state court and requesting clarification on how to proceed when the 440 motion, and all appropriate appeals, have concluded). As outlined by the July Order, within thirty days of the exhaustion of state court remedies, petitioner is required to notify this Court that his remedies have been exhausted and request the stay in this case be lifted so that the action may proceed. July Order at 8.

### C. Motion for Reconsideration

Finally, petitioner seeks reconsideration of the denial of his request for appointment of counsel because (1) he has a medical condition, specifically a cyst on his brain, which he has not yet received medical care for, Dkt. No. 9 at 1; (2) he feels unable or ill-prepared to demonstrate "how each of these lawyers (and a Judge) conspired to deny [petitioner his] rights" while up against "an entire county of lawyers and judges fighting to keep [him] in prison until [he] die[s]," and dealing with his health issues, namely migraines, *id.* at 2; (3) petitioner has no ability to investigate his habeas claims or independently pay for

3

representation, *id.*; and (4) he requires an attorney to concisely sort through all of his issues and persuasively present his best case before the Court, *id.* at 2-3.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007). However, "[a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, No. 6:13-CV-1178 (GLS/TWD), 2015 WL 4496374, at *1 (N.D.N.Y. July 23, 2015).

Here, petitioner's reasoning does not justify reconsideration of the Court's July Order. Petitioner does attempt to provide new data to the Court; however, it would not reasonably change the Court's prior decision. The July Order indicated that petitioner was not entitled to an attorney just because the attorney would be more skilled in presenting petitioner's claims. July Order at 10. Petitioner shares that he has a medical condition, specifically a cyst on his brain that presumably causes him to have migraines. Dkt. No. 9 at 1-2. However, petitioner fails to demonstrate how that medical condition has precluded or prejudiced him from pursuing the present action. Petitioner successfully commenced the instant action, as well as a collateral state court challenge to his conviction, and filed a motion for court-appointed

4

counsel.  *See* Dkt. No. 1, Petition; Dkt. No. 2, IFP Application; Dkt. No. 4, Motion for Counsel; Dkt. No. 5, Letter (attaching statutory filing fee).  Just because petitioner has not been successful in all of his endeavors thus far does not mean that he requires an attorney.

Petitioner also asserts his general feelings of unease and of ill-preparedness given the enormity of the legal process.  Dkt. No. 9 at 2.  However, for the same reasons stated above, petitioner has not shown that he is unable to pursue his federal habeas corpus remedies pro se, despite his trepidation in doing so.  Further, just because petitioner feels that an attorney would be better suited to advance his case against the legal community does not mean that petitioner is entitled to appointment of counsel.  Both of these arguments, while providing new pieces of information, are still permutations of petitioner's earlier argument that, as a layman, an attorney would be more adept at successfully advancing his interests.  July Order at 10.  Petitioner cannot use a motion for reconsideration to relitigate the same issues that have already been decided," or otherwise tak[e] a second bite at the apple."  *Utica Mut. Ins. Co.,* 2015 WL 4496374, at *1.

Further, petitioner advances a new argument that he requires an attorney to help him with investigations.  Dkt. No. 9 at 2.  A motion for reconsideration cannot be used to advance a new theory; therefore, petitioner's argument is unpersuasive.  *Utica Mut. Ins. Co.*, 2015 WL 4496374, at *1.  However, even if this motion was the proper procedural vehicle to make such an argument, it would still be insufficient.  While not an outright prohibition, habeas corpus petitions are most generally "limited to the record that was before the state court that adjudicated the claim on the merits . . . [because f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues[.]" *Brown v. Bell*, No. 9:18-CV-1406 (JKS), 2020 WL 972373, at *6 (N.D.N.Y. Feb. 28, 2020) (quotation marks and citations omitted).

Therefore, generally speaking, petitioner need not investigate or find any documents or evidence during the course of his federal habeas action. A presumption that any sort of fact-finding needs to occur, or that subsequent arguments will need to be held, is incorrect unless otherwise determined by the Court.

Finally, petitioner's arguments that he does not have the money to independently obtain representation or that he feels his best chance is with an attorney are merely arguments that have been repackaged after previously being dismissed in the July Order. July Order at 10. Petitioner's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)).

Thus, for the reasons articulated above, petitioner's motion for reconsideration is denied.

### III.  CONCLUSION

**WHEREFORE**, it is

**ORDERED**, that petitioner's motion for reconsideration, Dkt. No. 9, is **DENIED**; and it is further

**ORDERED** that the Clerk respectfully set another deadline, in thirty days, for petitioner's next status report; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: August 4, 2022

Miroslav Lovric
U.S. Magistrate Judge